[Cite as *McGregor v. McGregor*, 2012-Ohio-3389.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| TIMOTHY A. McGREGOR | : | |
| | : | Appellate Case No. 2011-CA-88 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 05-DR-86 |
| v. | : | |
| | : | |
| MELISSA SUE McGREGOR | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 27th day of July, 2012.

. . . . . . . . . . .

DEBRA L. DUNKERLY, Atty. Reg. #0033503, 1115 East College Avenue, Westerville, Ohio 43081
and
CELESTE MANNS BRAMMER, Atty. Reg. #0046659, Post Office Box 2451, Westerville, Ohio 43086
  Attorneys for Plaintiff-Appellant

VALERIE JUERGENS WILT, Atty. Reg. #0040413, 333 North Limestone Street, Suite 104, Springfield, Ohio 45503
  Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}     Plaintiff-appellant Timothy McGregor appeals from an order of the Clark County Court of Common Pleas, Domestic Relations Division, requiring him to disclose records generated as a result of counseling sessions.  Mr. McGregor contends that the trial court erred by finding that his privilege asserted with regard to the records has been waived.

{¶ 2}     We conclude that the record before us does not support the trial court's finding that the privilege has been waived.  Ms. McGregor does not dispute Mr. McGregor's assertion that the records in question are privileged; the issue is whether that privilege has been waived.  This record does not support a statutory exception to the claimed privilege, because the record does not reveal the nature of the provider treating Mr. McGregor.   The trial court based its finding of waiver upon its conclusion that the statutory privilege accorded to physician-patient communications applies (R.C. 2317.02(B)), subject to the statutory exceptions thereto.  But we cannot determine from this record that the records at issue were generated by a physician, as opposed to Mr. McGregor's contention that they were generated by a licensed counselor, to which a different statutory privilege, with different exceptions, applies (R.C. 2317.02(G)).   Accordingly, the order of the trial court from which this appeal is taken is Reversed, and this cause is Remanded for further proceedings.

## I.  Facts and Course of Proceedings

{¶ 3}     The parties were married in 2002.  They have three children born of the marriage, two of whom are minors.  A decree of divorce was entered in November 2005.  Ms. McGregor was designated as residential parent and legal custodian of the two minor children, and Mr. McGregor was granted parenting time.

{¶ 4}   In 2010, Ms. McGregor filed a motion seeking to limit Mr. McGregor's parenting time and to require him to participate in counseling with the two children.   The next day, Mr. McGregor filed a motion seeking to hold his ex-wife in contempt based upon the claim that she had been interfering with his visitation.   The motion also sought to hold her in contempt for parental alienation.   Finally, the motion asked for a modification of visitation.   Thereafter, Mr. McGregor also filed a motion seeking reallocation of parental rights and responsibilities, in which he sought designation as the residential parent and legal custodian of the children.   In that motion he also asked that Ms. McGregor undergo a psychological evaluation.

{¶ 5}   A hearing on the three motions was conducted in April 2011.   During the hearing, Mr. McGregor represented himself.   According to the record, he left the hearing before its conclusion.   The hearing was concluded in his absence.   The magistrate issued a decision dismissing both of Mr. McGregor's motions and denying Ms. McGregor's motion seeking to require Mr. McGregor to undergo counseling with the children.   The magistrate stated that the children "may choose whether or not they will visit with [Mr. McGregor]."

{¶ 6}   Mr. McGregor both objected to the magistrate's decision and moved for reconsideration.   The trial court overruled the motion for reconsideration.   However, the trial court scheduled a supplemental evidentiary hearing on Mr. McGregor's motion to modify his visitation schedule and on Ms. McGregor's motion to limit her ex-husband's visitation.

{¶ 7}   Before the supplemental evidentiary hearing ordered by the trial court, Ms. McGregor filed a motion seeking to compel Mr. McGregor to comply with her discovery request that he provide a "Medical Records Authorization [allowing her] to obtain [Mr.

McGregor's] counseling records from Dr. Curtis Gillespie." Following a hearing, the trial court granted this motion and ordered Mr. McGregor to sign an authorization form permitting Ms. McGregor to obtain his counseling records. Mr. McGregor then filed a motion seeking findings of fact and conclusions of law with regard to the trial court's decision to grant the motion to compel.

{¶ 8} In the entry ordering the records disclosed, the trial court set forth its reasoning: "O.R.C. 2317.02(B)(1)(a)(iii) clearly provides that the physician/patient privilege is waived when the patient files any type of civil action such as the one at hand. To this end, this Court finds, as a matter of law, that the physician/patient privilege between Mr. McGregor and his counselor are hereby waived."

{¶ 9} Mr. McGregor appeals from the order compelling him to sign the medical release.

## II. The Record Does Not Support the Trial Court's Conclusion that R.C. 2317.02(B) Applies

{¶ 10} Mr. McGregor's First and Second Assignments of Error state:

{¶ 11} "THE TRIAL COURT ERRED BY GRANTING DEFENDANT/APPELLEE'S MOTION TO COMPEL DISCOVERY THROUGH APPLICATION OF R.C. 2317.02(b) AND REQUIRING COUNSELING RECORDS TO BE RELEASED."

{¶ 12} "THE COURT ABUSED ITS DISCRETION BY RULING THAT APPELLANT'S RIGHT TO KEEP COUNSELING RECORDS CONFIDENTIAL ARE

WAIVED BECAUSE THE COURT'S [SIC] OBLIGATIONS UNDER R.C. 3109.051."

{¶ 13}  Mr. McGregor contends that the trial court erred by requiring him to release his counseling records, because those records are privileged.

{¶ 14}  A review of the record discloses that neither party, nor the trial court, questions the existence of a privilege between Mr. McGregor and his provider.  The issue is whether the privilege has been waived.

{¶ 15}  R.C. 2317.02 provides for privileged communication between patients, clients and various providers.  Communications between doctors and patients, as well as between counselors and clients, are generally privileged unless a specific exception exists.  The statute provides, in pertinent part, as follows:

> The following persons shall not testify in certain respects:
>
> * * *
>
> (B)(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.
>
> The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances:
>
> (a) In any civil action, in accordance with the discovery provisions of the Rules of

Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:

(i) If the patient or the guardian or other legal representative of the patient gives express consent;

* * *

(iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative.

(b) In any civil action concerning court-ordered treatment or services received by a patient, if the court-ordered treatment or services were ordered as part of a case plan journalized under section 2151.412 of the Revised Code or the court-ordered treatment or services are necessary or relevant to dependency, neglect, or abuse or temporary or permanent custody proceedings under Chapter 2151. of the Revised Code.

* * *

(G)(1) * * * a person licensed under Chapter 4757. of the Revised Code as a professional clinical counselor, professional counselor, social worker, independent social worker, marriage and family therapist or independent marriage and family therapist, or registered under Chapter 4757. of the Revised Code as a social work assistant concerning a confidential communication received from a client in that relation or the person's advice to a client unless any of the following applies:

(a) The communication or advice indicates clear and present danger to the client or other persons. For the purposes of this division, cases in which there are indications of present or past child abuse or neglect of the client constitute a clear and present danger.

(b) The client gives express consent to the testimony.

* * *

(d) The client voluntarily testifies, in which case the school guidance counselor or person licensed or registered under Chapter 4757. of the Revised Code may be compelled to testify on the same subject.

(e) The court in camera determines that the information communicated by the client is not germane to the counselor-client, marriage and family therapist-client, or social worker-client relationship.

* * *

(g) The testimony is sought in a civil action and concerns court-ordered treatment or services received by a patient as part of a case plan journalized under section 2151.412 of the Revised Code or the court-ordered treatment or services are necessary or relevant to dependency, neglect, or abuse or temporary or permanent custody proceedings under Chapter 2151. of the Revised Code.

{¶ 16} The trial court found that because Mr. McGregor had filed a motion to modify visitation, he had "placed his mental and physical health directly in issue and, as such, has waived any privilege which might otherwise exist." In support, the trial court stated that R.C. 2317.02(B)(1)(a) "clearly provides that the physician/patient privilege is waived when the patient files any type of civil action, such as the one at hand."

{¶ 17}  While we note that there is case law supporting this approach, see *Gill v. Gill*, 8th Dist. Cuyahoga No. 81463, 2003-Ohio-180, we cannot affirm the trial court's order.  The records that are the subject of the trial court's order from which this appeal is taken were not made a part of the record, and are not before us.  Therefore, we cannot determine whether those records were generated by physicians, psychologists, social workers or licensed counselors. We cannot conclude that the exception to the physician-patient privilege found by the trial court applies to the records ordered to be disclosed, because we cannot determine whether those records were created by a physician, or by some other type of provider.  If the provider is a counselor, social worker or therapist as set forth in Section G of R.C. 2317.02, then the waiver found by the trial court is inapplicable.[1]  But again, we cannot make that determination from this record.

{¶ 18}  Therefore, upon this record we must sustain McGregor's assignments of error, reverse the order from which this appeal is taken, and remand this cause for further proceedings.  Upon remand, Ms. McGregor may again move for the disclosure of the records, and may prevail if she can demonstrate that a statutory waiver of the privilege applies.

{¶ 19}  Mr. McGregor's First and Second Assignments of Error are sustained.

### III.  Conclusion

{¶ 20}  Both of Mr. McGregor's assignments of error having been sustained, the order of the trial court from which this appeal is taken is Reversed and this cause is Remanded for

---

[1]  Under 2317.02(G)(1)(d), the privilege may be waived if Mr. McGregor intends to testify at any subsequent custody/visitation hearing on the same subject.    However, that is the type of information to be determined by the trial court upon remand.

further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH and CANNON, JJ., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Debra L. Dunkerly
Celeste Manns Brammer
Valerie Juergens Wilt
Hon. Thomas J. Capper